[S. F. No. 12318.   Department Two.—May 2, 1928.]

F. BLANCO, Respondent, v. MARIAN REALTY COMPANY (a Corporation) et al., Appellants.

John Ralph Wilson for Appellants.

Vincent W. Hallinan for Respondent.

RICHARDS, J.—This appeal is from a judgment in the plaintiff's favor in an action for damages for personal injuries alleged to have been suffered by him while riding upon a certain freight elevator or sidewalk hoist connected with certain premises owned by the defendant Marian Realty Company in the city and county of San Francisco, and within which there has been conducted and operated for the past several years a market bearing the name of "Crystal Palace Public Market," but which name is only a trade name which the said Marian Realty Company employed in defining the market establishment upon their said premises. Stalls or spaces upon the main floor of said premises are leased or rented to numerous persons for the conduct by each of his particular line of trade thereon, and by the terms of their respective leases each of said persons is entitled to a certain space in the basement of said structure for the keeping of the goods, wares, or supplies which are sold upon the main floor in their, and each of their, respective stalls. In connection with the aforesaid uses of said market the said defendant installed a sidewalk elevator or hoist, to be operated between the basement and the main floor of said market, for the benefit and convenience of these, its several tenants, in transporting their goods and supplies from their place of deposit in the basement to the main floor as needed in their several lines of trade. This elevator or hoist when thus installed was and has ever since been used for freight purposes only and was not a passenger elevator in any sense of the term. It was operated by

mechanical contrivances with which it was connected by a rope passing through the elevator and by means of which whoever was engaged in bringing goods or supplies from the basement to the main floor started and stopped the said hoist. This operation of the contrivance was conducted by the tenants themselves or their employees in connection with its aforesaid uses, and the only connection which the said defendant had with its actual operation consisted in providing and keeping in condition the machinery by which, through the use of said rope, it was made to rise and descend. The plaintiff herein was and for about two years prior to the accident which caused his injuries had been an employee of a tenant named Van Erp, who conducted a stall upon the main floor of said market, with its corresponding space in the basement, and during the time of his said employment plaintiff had used and operated said elevator or hoist almost daily, and was, therefore, fully acquainted with the construction and condition of said elevator or hoist and with its operation. There was no cage surrounding said appliance, but it was inclosed by the walls of the building upon three sides and had a gate upon the fourth side which opened into the basement of the building and also out upon the sidewalk upon its level with the main floor. The platform of the elevator did not fit this shaft very closely and there was a space of about eight inches between the edge of its platform and the rear wall of its inclosure. It was, however, in other respects the usual type of a sidewalk elevator, for the operation of which the defendant held a license and which was subject to periodical inspection. On the day of plaintiff's injury he had gone down with another employee of his employer to procure supplies from the basement for use in the latter's stall upon the main floor, and, having loaded the elevator with such supplies, proceeded to raise the same to the sidewalk level, both occupying the elevator, but the other employee operating the rope by which it was made to rise to its sidewalk level. While thus engaged, and while said hoist was being raised, the plaintiff's foot in some manner became caught in the space between the platform and the rear wall, from which he received certain serious injuries which form the basis of the present action. The cause was brought to trial before a jury, which returned a verdict in the plaintiff's favor for the sum of

$6,000. The present appeal is from the judgment rendered upon such verdict.

The main contentions of the appellant relate to alleged errors of the trial court in instructing the jury as to the measure of the defendant's duty to the plaintiff under the foregoing state of facts. The trial court gave to the jury the following instruction: "The owners of a building maintaining a freight elevator, owe to persons rightfully riding upon the same, the highest degree of care and are responsible for the slightest negligence; in determining whether or not the plaintiff was rightfully riding upon the elevator herein, you may take into consideration the custom prevailing with regard to this particular elevator as to persons in charge of freight accompanying the same upon the elevator and being permitted to do so; if you believe that it was the custom for persons transporting freight upon this elevator to accompany the same and that such custom was permitted or acquiesced in by the owners of the building, or rendered necessary by the conditions attending the transportation of such freight on this elevator, then the plaintiff was rightfully upon the elevator and was entitled to the highest degree of care on the part of the owners of the building to protect him from injury." The foregoing instruction was apparently based upon the case of *Treadwell* v. *Whittier*, 80 Cal. 575 [13 Am. St. Rep. 175, 5 L. R. A. 498, 22 Pac. 266], wherein it was held that the owners of a building maintaining a freight elevator owed to persons rightfully riding upon the same the highest degree of care and are responsible for the slightest negligence. The case of *Treadwell* v. *Whittier*, however, was a case wherein the elevator in question was one operated by the owners of a building several stories in height and which was used by them for the purpose of transporting that portion of the general public which might become their customers to the several floors of their building, and also for the purpose of transporting their merchandise. The plaintiff in said case was one of said customers and the elevator was one entirely and exclusively operated by the owners of the building, and it was, therefore, properly held therein that the owners of such building were bound to exercise the highest degree of care with respect to the passengers upon such an elevator. But that is not this case. The elevator or hoist in this case

was not a passenger elevator, nor was the plaintiff, who was engaged in using the same at the time of his injury, in any proper sense of the term a passenger thereon. He was in fact as much the operator of said hoist as was his fellow-employee by whose manipulation of its rope it was rising to the level of the main floor, or as his immediate employer would have been if it, and not the owners of the building, had maintained in place a person who would operate the same for the convenience of its other employees. This elevator or hoist was in fact nothing more than one of the appliances which the owner or owners of the building had supplied to the tenants thereof for their convenience, just as said owners might have supplied swinging or revolving doors at the entrances of their building, or stairways therein, and over the occupation or use of which said owners exercised no control, and with relation to which they owed no other or higher duty to their tenants or invitees than that of ordinary care. The cases upon which the respondent relies to sustain the foregoing instruction, in addition to the case above cited, are in every instance cases of accidents arising out of the defective construction and operation of both passenger and freight elevators, and over the operation of which the defendant in each instance exercised full control. Such cases and the rules of law correctly announced therein have no application to the instant case and do not correctly define the duty which the owners of a building supplying such an appliance as a sidewalk elevator owe to their tenants, to whom or to the employees of whom the operation of said appliance is exclusively committed, and over which the owners of the building exercise no other control than that of providing the adequate machinery for its use, and with relation to which only freight is carried, and only the owner's tenants or their employees, when in charge of said freight and in the necessary manipulation of said hoist, are permitted to ride thereon. The case of *Employers' Liability etc. Corp.* v. *Wagner,* 215 App. Div. 566 [214 N. Y. Supp. 313], correctly states the rule with regard to such appliances, and the language of the court in so doing aptly applies to the instant case: ''It is clear from the evidence in this case that the landlord supplied to the tenants of this building for their use the elevator in question. The landlord did not supply an operator. The tenants operated

it and used it as they needed its use. Instead of carrying the materials they needed in their business up or down the stairs, the landlord supplied the elevator so that they could thereby carry up or bring down such materials. It was his duty to use reasonable care in the construction and maintenance of this elevator, to see that it was reasonably safe for the purpose for which it was used, and that the elevator shaft was protected by substantial and sufficient guard, door or gate, to prevent anyone from falling into the shaft.'' The cases of *Kappes* v. *Brown Shoe Co.*, 116 Mo. App. 154 [90 S. W. 1158], and *Burner* v. *Higman,* 127 Iowa, 580 [103 N. W. 802], are also in point, and in each of said cases the rule was correctly laid down that the owners of a building providing a freight elevator for the use and convenience of their tenants to whom or to the employees of whom the actual operation of such an elevator was committed were bound to no more than ordinary care in the provision of such elevator and of the appliances by means of which it was to be operated, and that the rule with relation to the highest degree of care to be employed by the owners of buildings in the maintenance and operation by themselves of passenger elevators had no application to this class of cases.

It thus appears that the trial court was in error in giving the foregoing instruction to the jury and that the appellants were prejudicially injured thereby.

The appellant urges several other grounds of error, but in view of our foregoing conclusion we do not deem it necessary to engage in their discussion, since the questions involved therein may be avoided upon a retrial of the cause.

The judgment is reversed.

Shenk, J., and Langdon, J., concurred.